THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* SANTIAGO TORRES RODRÍGUEZ, Defendant and Appellant.

No. CR-65-485.　　Decided November 2, 1966.

*William Morales Torres* for appellant. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Irene Curbelo, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant was convicted by a jury of murder in the second degree, consisting in that on April 18, 1964, in Ponce, he fired several shots with a revolver at Luz Divina Heredia Centeno, known as Luz María Heredia, causing her death. The jury also found him guilty of assault to commit homicide, perpetrated at the same time and place and with the same weapon, against Iván Rodríguez Morales, known as Flor Arroyo Rodríguez. Moreover, it found him guilty of violation of § 8 of the Weapons Law. The trial court convicted him of a violation of § 6 of said law.

He maintains on appeal that the trial court erred (1) "in denying the defense's request on instructions to the jury in relation to the defense of defendant's and his wife's home," and (2) "in failing to instruct the jury on the constitutional right of every defendant to remain silent."

The errors were not committed. The evidence for the prosecution was, in synthesis, to the effect that on April 18, 1964, in the afternoon, Iván Rodríguez Morales had a wrangle with defendant's wife, Inés Maldonado, on Ferrán Street in Ponce; that during the wrangle a neighbor went in search of defendant to inform him what was happening; that after defendant's wife had gone away, defendant arrived and without a word fired a revolver at Iván, wounding him; the wife of the man attacked, Luz Divina Heredia, interceded,

either trying to hold defendant's hand or holding her husband by the back; that defendant fired at Luz Divina, wounding her mortally; that neither the deceased nor her husband had weapons in their hands. The prosecuting attorney introduced also a sworn statement voluntarily made by the defendant and then he was warned as to his rights, among them, to be assisted by counsel. In that statement the defendant says that while he was in his business someone informed him that his wife was being attacked. When he arrived he saw Iván Rodríguez throwing stones at his house (defendant's house) ; that upon seeing him, Rodríguez turned around toward him and started to throw stones at him. The defendant carried a revolver which was not registered and which he kept unloaded behind a juke box; he loaded the revolver before leaving his establishment. He fired at Iván Rodríguez once, and then the deceased, Ivan Rodríguez' wife, attacked him with a bread knife. He went away. At about eight or ten feet distance he fired three times at Luz Divina, one at the chest and two at the floor. Then he gave himself up voluntarily. Later on his wife showed him the bruise of a blow received on the back.

The evidence for the defense, summarized in the aspects most favorable to defendant's theory, was to the effect that the day of the events, defendant's wife was drinking coffee on the sidewalk in front of Pascuala's house, that at that moment Iván Rodríguez went by and without a word assaulted her with his fists; that she kicked Iván, left and shut herself in her house; that then Iván started to throw stones toward the house, one of which went through a window and fell near a girl's bed; that through a window defendant's wife handed over a child to a neighbor so as to give him shelter; that while Iván Rodríguez was throwing the stones, defendant arrived there; upon becoming aware of his presence, Iván turned toward him and started to throw stones at him; that defendant then fired a shot with a re-

volver at Iván; that then the deceased, Iván's wife, went running toward the defendant and attacked him with a bread knife; defendant fired at her but did not wound her; she continued attacking and the defendant fired again at her, wounding her.

■ Appellant requested instructions on self-defense and defense of home. The judge refused to transmit the latter and in so doing he did not commit error. The theory of the defense was clearly that of self-defense. When the defendant arrived near his house, Iván Rodríguez, according to the version of the evidence for the defense, stopped throwing stones at the defendant's home and started to throw them at him. After this attack against him occurred, defendant fired at Iván. That is to say, defendant fired at Iván, upon being attacked by the latter. He did not fire at him to defend his home. As to the shots fired at Iván's wife, it is clear that defendant fired them, according to his version, to defend his person against the deceased's threat of assault. At any rate, the facts presented by the defense do not give rise to the application of the doctrine which justifies the use of sufficient force and even the taking of life in defense of home. See 1 Wharton, Criminal Law, § 220; 1 Wharton, Criminal Law and Procedure, § 220 *et seq.*

In support of the second assignment appellant argues that the court should have given instructions on the prohibition of commenting defendant's silence or of using it against him. The judge transmitted the following instructions:

"Hon. Judge:

. . . In criminal cases the law assumes that the defendant is innocent until it is otherwise established, in a satisfactory manner and through competent evidence. This presumption of innocence accompanies the defendant during the trial and the jury should also bear it in mind when deliberating.

By an express provision of law, the defendant may or may not testify, as he wishes. In this case the defendant has not testified.

A statement of the facts which occurred made by the defendant himself was presented by the prosecuting attorney. Said statement should also be considered as that of any other witness, bearing in mind, of course, the interest which every defendant has in his own case." (Report of the Solicitor General, p. 10.)

 Appellant did not object to the sufficiency of these instructions and this would suffice to dismiss the error. *People v. Del Valle*, 91 P.R.R. 167 (1964). Moreover, during the trial no situation arose to require the transmission of an instruction on the legal effect of defendant's silence.

The errors assigned not having been committed, the judgments appealed from will be affirmed.